1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11  ALFRED BANKS,                                  Case No. 10cv1886-BTM (CAB)

12                              Plaintiff,   **ORDER RE MOTIONS TO SET**
                                             **ASIDE ENTRY OF DEFAULT AND**
13          v.                               **MOTION FOR DEFAULT**
                                             **JUDGMENT**
    ACS EDUCATION, et al.,
14
                                Defendants.
15
            Pending before the Court are Defendants JPMorgan's and Kathleen Barnhill's motions
16
    to set aside default [docks. # 44, 50] and Plaintiff's motion for default judgment  against
17
    Defendants JPMorgan, Kathleen Barnhill, "Charlette," and State Student Aid Commission
18
    [dock. #55].
19
                        I. <u>MOTIONS TO SET ASIDE DEFAULT</u>
20
            Fed. R. Civ. P. 55(c) provides that a court may set aside the entry of default "for good
21
    cause shown."  Factors to be considered when deciding whether to set aside an entry of
22
    default judgment include: (1) whether the defendant's "culpable conduct" led to the default;
23
    (2) whether the plaintiff would be prejudiced by a set-aside; and (3) whether the defendant
24
    can present a meritorious defense to the claim.  *Falk v. Allen*, 739 F.2d 46, 463 (9th Cir.
25
    1984);  *American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th
26
    Cir. 2000).
27
            Here, both JPMorgan and Ms. Barnhill were improperly served.  According to an
28
    executed summons filed on December 28, 2010, a process server served a summons on

1  JPMorgan at 10834 International Drive, Suite 100, Rancho Cordova, California 95670

2  ("International Drive"), delivering a copy of the summons to Janet McDuffie. Internet

3  searches show that this is the address of California Student Aid Commission, the employer

4  of Ms. McDuffie. JPMorgan does not maintain a place of business on International Drive and

5  Ms. McDuffie is not an employee of JPMorgan. (Brinker Decl. ¶¶ 3, 4)  With respect to Ms.

6  Barnhill, according to an executed summons filed on January 3, 2011, service of a summons

7  was made to Richard E. Carter, her alleged agent for service of process. However, Ms.

8  Barnhill has not appointed Mr. Carter, nor any other individual as a designated agent for

9  service of process. (Barnhill Decl. ¶ 43)

10      Improper service of the complaint presents good cause to set aside entries of default.

11  *See Mason v. Genisco Technology Corp.*, 960 F.2d 849, 851 (9th Cir. 1992). JPMorgan's

12  and Ms. Barnhill's motions to set aside default are **GRANTED** and Plaintiff's motion for

13  default judgment as to these defendants is **DENIED** as moot.

14              **II.  MOTION FOR DEFAULT JUDGMENT**

15      Similarly, Plaintiff has not provided sufficient evidence that Defendants "Charlette" and

16  State Student Aid Commission were properly served. As proof of service, Plaintiff provides

17  affidavits by a process server stating the summons was served on Dona Niemeyer on behalf

18  of "Charlette" and Janet McDuffie on behalf of State Student Aid Commission. [Dock. # 35,

19  36] However, Plaintiff does not provide evidence that either Ms. Niemeyer or Ms. McDuffie

20  is authorized to accept process on behalf of "Charlette" or State Student Aid Commission.

21  *See* Fed. R. Civ. P. 4(e)(2); Fed. R. Civ. P. 4(h)(1)(B); Cal Code Civ Proc § 416.10(a).

22  Alternatively, with respect to State Student Aid Commission, Plaintiff has not shown that Ms.

23  McDuffie is "apparently in charge of the office" where summons was served or that the

24  additional requirements of Cal Code Civ Proc § 415.95 were met. Therefore, Plaintiff's

25  motion for default judgment is **DENIED** without prejudice. Plaintiff may refile his motion for

26  default judgment to cure these deficiencies within twenty days of entry of this order or the

27  defaults will be vacated.

28

10c1886-BTM (CAB)

### III.  ADDITIONAL REQUESTS FOR ENTRY OF DEFAULT

Finally, after Plaintiff filed his amended complaint, he requested entry of default against three additional Defendants for purported failure to respond to the original complaint. [Docks. # 93-95.]  Because "[t]he amended complaint supersedes the original, the latter being treated thereafter as non-existent," *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967), the Clerk was instructed to deny these requests and not enter default.  Going forward, if Plaintiff seeks to enter default against any Defendant for failure to respond to the First Amended Complaint, the Clerk shall forward the request to the Court for determination of whether proper service was made.

### IV.  CONCLUSION

Defendants JPMorgan's and Kathleen Barnhill's motions to set aside default are **GRANTED**.  Plaintiff's motion for default judgment against Defendants is **DENIED**.  Plaintiff shall effect proper service on Defendants JPMorgan, Kathleen Barnhill, "Charlette," State Student Aid Commission, and any other Defendant within sixty days of the filing of this order or his case against any Defendant not properly served shall be dismissed without prejudice.

**IT IS SO ORDERED.**

DATED:  March 2, 2011

Barry Ted Moskowitz

Honorable Barry Ted Moskowitz
United States District Judge

10c1886-BTM (CAB)