UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED BANKS,<br><br>                                        Plaintiff,<br><br>        v.<br><br>ACS EDUCATION, et al.,<br><br>                                        Defendants. | Civil No.   10cv1886-BTM (CAB)<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO COMPEL DISCOVERY**<br>**[Doc. No. 124]** |

On April 4, 2011, plaintiff Alfred Banks, who is *pro se*, filed an ex parte application and request for an order to compel defendants to respond to various discovery requests. [Doc. No. 124.] The request is **DENIED** without prejudice.

This complaint was filed on September 9, 2010. [Doc. No. 1.]  Thereafter, several defendants filed motions to dismiss the complaint [Doc. Nos. 5, 6, and 11], and other defendants answered [Doc. Nos. 8, 9, 13, and 27].  While the motions to dismiss were pending, this Court held an Early Neutral Evaluation conference.  The case did not settle and, due to the pending motions to dismiss, this Court did not enter a scheduling order.  Rather, the parties were advised to contact the Court within three days of the pleadings being resolved for a further scheduling conference. [Doc. No. 83.]

On February 15, 2011, plaintiff filed a First Amended Complaint. [Doc. No. 88.] Since then, seven defendants have filed motions to dismiss the First Amended Complaint. [Doc. Nos. 96, 98, 102, 103, 115, 119, 121.] Thus, the status of the pleadings remains unresolved.

Plaintiff is advised that, pursuant to Fed. R. Civ. Pro. Rule 26 and Local Civil Rule §16.1, no

1  discovery may go forward until this Court issues a scheduling order.  This Court declines to issue a
2  scheduling order until such time as the motions to dismiss the First Amended Complaint have been
3  resolved.  Once there is a ruling on the motions, if this case is allowed to go forward against some or all
4  of the defendants, then this Court will immediately set a Status Conference for the purpose of issuing a
5  scheduling order.  In the meantime, defendants are reminded that they owe a duty to preserve what they
6  know or reasonably should know will be relevant evidence in a pending lawsuit.  See Kronish v. United
7  States, 150 F.3d 112, 127 (2nd Cir. 1998); Sensonics, Inc. V. Aerosonic Corp., 81 F.3d 1566, 1575 (Fed.
8  Cir. 1996); Winters v. Textron, Inc., 187 FRD 518, 520 (MD PA 1999).

9  **IT IS SO ORDERED**.

11  DATED:  April 6, 2011

_____
**CATHY ANN BENCIVENGO**
United States Magistrate Judge