UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED BANKS, | Civil No. 10cv1886 AJB (CAB) |
| Plaintiff, | ORDER GRANTING MOTION TO QUASH; DISMISSING PLAINTIFF'S COMPLAINT AS TO DEFENDANT JEFFERSON CAPITAL SYSTEMS, LLC; AND DENYING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT |
| v. | |
| ACS EDUCATION CORP., et al., | |
| Defendants. | |
| | [Doc. No. 168 and 175] |

The Defendant, Jefferson Capital Systems, LLC (hereinafter "Jefferson Capital") filed a motion to quash pursuant to Federal Rules of Civil Procedure Rule 12(b)(4) and 12(b)(5). The Plaintiff filed an opposition, Doc. No. 173, and the Defendant filed a Reply, Doc. No. 171. The hearing on Defendant's motion, set for July 15, 2011 at 1:30 p.m. before Judge Battaglia, is hereby vacated as this motion is appropriate for submission on the papers without oral argument pursuant to Civil Local Rule 7.1.d.1. For the reasons set forth below, the Defendant's motion to quash is hereby GRANTED and the Plaintiff's claims as to Jefferson Capital set forth in the First Amended Complaint, Doc. No. 88, are hereby DISMISSED WITHOUT PREJUDICE and with LEAVE TO AMEND.

### *Background*

On September 10, 2010, the Plaintiff filed a Complaint alleging violations of his civil rights. [Doc. No. 1]. On February 15, 2011, Plaintiff filed his First Amended Complaint ("FAC") alleging violations of the Fair Credit Reporting Act as well as a RICO claim. [Doc. No. 88]. On March 2, 2011,

the Court ordered Plaintiff to effectuate proper service on any defendant not previously served within 60 days [Doc. No. 100]. On May 24, 2011, the Court issued an Order to Show Cause to the Plaintiff to appear on June 7, 2011 before Judge Battaglia and show cause as to why the Court should not dismiss his case against any Defendant not properly served in accordance with Rule 4 of the Federal Rules of Civil Procedure and the Court's March 2, 2011 Order. At the hearing, the Plaintiff failed to demonstrate that he had effectuated proper service with regard to several Defendants and the Court dismissed those Defendants without prejudice for want of prosecution. [Doc. No. 167].

### *Discussion*

In the instant motion, Jefferson Capital moves to quash pursuant to Federal Rules of Civil Procedure Rule 12(b)(4) and 12(b)(5) on the grounds that Plaintiff's service of process is defective because: 1) the Plaintiff never served Defendant with the Summons and Complaint in this matter (either with respect to the original complaint, or the First Amended Complaint); and 2) the Plaintiff has not filed a proof of service as to this Defendant. While the Plaintiff contends that he has had conversations with Defendant regarding Defendant's need for additional time to respond to the FAC and the possible settlement of this case, the Plaintiff has not demonstrated that he has in fact properly served this Defendant and has failed to file proof of service.

As the Court explained to the Plaintiff at the hearing on the Order to Show Cause, this Court cannot exercise jurisdiction over a defendant without proper service of process pursuant to Rule 4. The Defendant has now challenged Plaintiff's service of process on two grounds, the first attacking the form of the proof of service and the second challenging the manner in which service was attempted. (Fed. R. Civ. P. 12(b)(4) and 12(b)(5). Once service is challenged, the Plaintiff bears the burden of establishing that service was valid under FRCP 4.[1] *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir.2004) (citing *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 538 (9th Cir.1986)). If the Plaintiff is unable to satisfy his burden, the Court has discretion to either dismiss the action or retain the action and quash the service of process. *See Stevens v. Sec. Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir.1976).

---

[1] Rule 4(e)(1) provides that unless federal law provides otherwise, an individual may serve another in the United States by following the state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made. In this case, defendant Jefferson is located in St. Cloud, Minnesota.

1    From the record and moving papers, its appears uncontested that the Plaintiff mailed the
2 complaint to Defendant, but did not include the required notice or acknowledgment of service. *See*
3 Declaration of Claressa Duberry Declaration, ¶ 2.  The complaint was sent to Jefferson by mail, but did
4 not include the required notice or acknowledgment of service. Duberry Declaration, ¶ 2. While regular
5 first class mail would be sufficient service under Minnesota law,[2] and by proxy, under Federal Rule of
6 Civil Procedure 4(h)(1)(A) if the Defendant is provided two copies of a notice and acknowledgment and
7 sends an acknowledgment of service to Plaintiff within twenty days, this did not occur.  As such, the
8 Plaintiff's attempted service is insufficient as a matter of law, and the service of the summons must be
9 quashed.  Based upon the foregoing and in light of this Court's March 2, 2011 Order, the Plaintiff's
10 claims as to Defendant Jefferson Capital are hereby DISMISSED WITHOUT PREJUDICE AND WITH
11 LEAVE TO AMEND.

12    Since the Plaintiff has now been warned twice by this Court regarding his failure to properly
13 serve Defendants, the Plaintiff shall have 30 days from the date of this Order to file and serve a Second
14 Amended Complaint.  The Plaintiff is warned that any further failure to comply with Rule 4 and
15 effectuate proper service on any of the Defendants previously dismissed on these grounds will result in
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///

---

[2] Minnesota Rules of Civil Procedure 4.05 Service by Mail provides as follows:

In any action service may be made by mailing a copy of the summons and of the complaint (by first-class mail, postage prepaid) to the person to be served, together with two copies of a notice and acknowledgment conforming substantially to Form 22 and a return envelope, postage prepaid, addressed to the sender. If acknowledgment of service under this rule is not received by the sender within the time defendant is required by these rules to serve an answer, service shall be ineffectual.

1 the Plaintiff's claims against these Defendants being DISMISSED WITH PREJUDICE without further
2 motion by Defendants. In light of the foregoing the Plaintiff's motion for leave to file Second Amended
3 Complaint, [Doc. No. 175], is DENIED.
4     IT IS SO ORDERED.

6 DATED: July 13, 2011

                                                                    _____
                                                                    Hon. Anthony J. Battaglia
                                                                    U.S. District Judge