UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED BANKS,<br><br>           Plaintiff,<br><br>v.<br><br>ACS EDUCATION CORP., et al.,<br><br>           Defendants. | Civil No. 10cv1886 AJB (CAB)<br><br>ORDER CONSTRUING SUBMITTED MOTIONS [Doc. Nos. 96, 98, 102, 103, 115, 119, 121] AS MOTIONS RESPONSIVE TO THE SECOND AMENDED COMPLAINT AND DENYING MOTION FOR RECONSIDERATION [Doc. No. 106] |

On July 19, 2011, with the Court's leave, the Plaintiff filed a Second Amended Complaint ("SAC"). Since the SAC did not materially alter the claims from the First Amended Complaint, but merely added Defendants previously dismissed by the Court for want of prosecution, the Court hereby construes the following motions to dismiss, [Doc. Nos. 96, 98, 102, 103, 115, 119] and the motion for judgment on the pleadings, [Doc. No. 121], as motions on the SAC in an effort to avoid the needless refiling of the seven motions.

On March 9, 2011, the Plaintiff also filed a motion for reconsideration, [Doc. No. 106], of this Court's March 2, 2011, Order setting aside entry of default judgment, [Doc. No. 100]. Under Rule 59(e) of the Federal Rules of Civil Procedure, a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. While Rule 59(e) permits a district court to reconsider and amend a previous order, "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear

error, or if there is an intervening change in the controlling law." *Carroll*, 342 F.3d at 945 (quoting *Kona*, 229 F.3d at 890 (citations omitted)). In the Southern District of California, motions for reconsideration are also governed by Civil Local Rule 7.1(i). The rule requires that for any motion for reconsideration,

> it shall be the continuing duty of each party and attorney seeking such relief to present to the judge ... an affidavit of a party or witness or certified statement of an attorney setting forth the material facts and circumstances surrounding each prior application, including inter alia: (1) when and to what judge the application was made, (2) what ruling or decision or order was made thereon, and (3) what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application. Civ. L.R. 7.1(i)(1).

The Plaintiff does not allege that there is newly discovered evidence or an intervening change in the controlling law. Plaintiff's motion simply reiterates arguments already submitted and rejected by this Court. Mere disagreement with a court's analysis in a previous order is not a sufficient basis for reconsideration. Nor does reassertion of arguments already extended and rejected provide an appropriate justification for reconsidering the Court's Order. Insofar as the Court, in issuing its previous Order, already carefully considered and analyzed the very arguments Plaintiff again raises, the Court finds it unnecessary to readdress them. The Court accordingly finds reconsideration is not warranted and Plaintiff's motion is DENIED.

IT IS SO ORDERED.

DATED: August 25, 2011

_____
Hon. Anthony J. Battaglia
U.S. District Judge