1

2

3

4

5

6

7

8

9        **UNITED STATES DISTRICT COURT**

10       **SOUTHERN DISTRICT OF CALIFORNIA**

11

12   ALFRED BANKS,                          CASE NO. 10CV1886-GPC (MDD)

13                          Plaintiff,      **ORDER GRANTING MOTIONS TO DISMISS THIRD AMENDED COMPLAINT;**

14       vs.

15                                          [Doc. Nos. 302, 321, 323, 324, 334, 337, 339]

16   ACS EDUCATION, et al.,                 **DENYING MOTION TO COMPEL ARBITRATION AS MOOT**

17                          Defendants.

18                                          [Doc. No. 340]

19

20          On September 10, 2010, plaintiff Alfred Banks ("Plaintiff"), proceeding *pro

21   se*, initiated the above-captioned action against twenty-three separate defendants.

22   Plaintiff's original complaint alleged, *inter alia*, racketeering in violation of 18

23   U.S.C. § 1962 of the federal Racketeer Influenced and Corrupt Organizations Act

24   ("RICO").  Since then, the parties have heavily contested the adequacy of the

25   pleadings, and as a result, Plaintiff has amended his complaint three times.

26          Presently before the Court are seven motions to dismiss Plaintiffs' Third

27   Amended Complaint ("TAC").  (Doc. Nos. 302, 321, 323, 324, 334, 337, 339.)

28   Also before the Court is Defendants Continental Finance Company, LLC, and First

Bank of Delaware's Motion to Compel Arbitration.  (Doc. No. 340.)  The Court took the motions under submission on the papers without oral argument, pursuant to Civil Local Rule 7.1(d)(1).  (Doc. No. 360.)  After a review of the briefs, supporting documentation, and applicable law, the Court **GRANTS** the Defendants' motions to dismiss the TAC and **DENIES** the motion to compel as moot.

## BACKGROUND

The relevant background information is recited in this Court's March 26, 2012 Order ("March 26 Order") (Doc. No. 264), which the Court incorporates by reference.  In the March 26 Order, the Court dismissed Plaintiff's Second Amended Complaint ("SAC") on the grounds that it was "vague, conclusory and devoid of any merit or substance . . . ."  (March 26 Order at 15.)  The Court granted Plaintiff leave to amend his complaint, and warned Plaintiff that "failure to sufficiently state his claims and provide the necessary factual support will result in this Court dismissing his claims with prejudice."  (*Id.*)  Thereafter, Plaintiff filed his TAC.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted," generally referred to as a motion to dismiss.  The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Although Rule 8 "does not require 'detailed factual allegations,' it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).  In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*,

478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986)).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6).  A claim is facially plausible when the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  That is not to say that the claim must be probable, but there must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.*  Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id.* (quoting *Twombly*, 550 U.S. at 557).

Further, the Court need not accept as true "legal conclusions" contained in the complaint. *Id.*  This review requires context-specific analysis involving the Court's "judicial experience and common sense." *Id.* at 679 (citation omitted).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.*

Where a plaintiff proceeds *pro se*, the Court must liberally construe the complaint. *Bernhardt v. Los Angeles County*, 339 F. 3d 920, 925 (9th Cir. 2003) ("Court have a duty to construe pro se pleadings liberally including pro se motions as well as complaint.").  In fact, the Supreme Court has held that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal quotation marks and citations omitted).

Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow*

1   *Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co.*

2   *v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).  In other words,

3   where leave to amend would be futile, the Court may deny leave to amend. *See*

4   *Desoto*, 957 F.2d at 658; *Schreiber*, 806 F.2d at 1401.

5                                          **DISCUSSION**

6          The Court's March 26 Order instructed Plaintiff to substantially revise his

7   pleadings to cure the deficiencies in the SAC.  However, upon review of the

8   operative complaint, the Court finds that it is largely an exact replica of the

9   previously-dismissed SAC.  Indeed, after conducting a comprehensive line-by-line

10  comparison of the TAC to the SAC, the Court finds that twenty-one of the TAC's

11  thirty-two pages are virtually indistinguishable from the SAC.  Of the remaining

12  eleven pages, the only substantial textual additions appear at page 3, lines 1-28;[1]

13  page 4, lines 1-14; page 9, lines 14-19; page 12, lines 20-27; page 13, lines 23-27;

14  page 14, lines 3-5; page 15, lines 13-19; page 22, lines 21-25; page 24, lines 25-28;

15  page 26, lines 1-20, and page 27, lines 6-13, 20-22.  However, each of these changes

16  is minor, adding only conclusory statements and no substantive facts.  Most

17

18          [1] Page 3 houses the bulk of the new allegations.  However, the page is replete with broad, conclusory statements which lack any degree of specificity to increase the plausibility of Plaintiff's

19  claims and thereby satisfy the requirements of Federal Rule of Civil Procedure 12(b)(6).  The following statements exemplify these deficiencies:

20          The enterprise's ultimate aim is to create enough negative reporting to ruin
            Plaintiff's credit, as to extort him to pay an unlawful debt.

21          [. . .]
            To effect this plan, the RICO Defendants initiated sham activities to do inaccurate

22          negative reporting on Plaintiff's credit record, seeking money from an unlawful
            debt.

23          [. . .]
            The RICO Defendants Experian, Equifax and Trans Union have been in

24          noncompliance with FTC, by failure to include Plaintiff's side of the situation to the
            profile that was in dispute.

25          [. . .]
            The defendants listed in paragraph 3 are the individuals who have conspired to

26          engage in a pattern of racketeering activities.  They have each committed numerous
            criminal acts as part of their scheme to defraud and extort Plaintiff, and have each

27          participated in the operation or management of the criminal enterprise.

28  (TAC at 3.)  This sampling of Plaintiff's allegations is representative of the entire TAC, which contains many legal conclusions yet few, if any, supporting facts.

importantly, none of the changes address the Court's previous ruling that the SAC was vague, conclusory, lacking specificity, and devoid of any merit or substance.

While Plaintiff asserts in his TAC that the "RICO Defendants . . . aim . . . to create enough negative reporting to ruin Plaintiff's credit, as to extort him to pay an unlawful debt," Plaintiff has again failed to adequately allege that Defendants engaged in a "pattern" of "racketeering activity" within the meaning of RICO, 18 U.S.C. §§ 1961, 1962.  Moreover, Plaintiff fails to adequately allege the collection of an "unlawful debt" as defined for purposes of RICO.  *See* 18 U.S.C. § 1961(6). Plaintiff further fails to adequately allege the existence of an "enterprise" amongst the Defendants.  *See* 18 U.S.C. § 1962.

Plaintiff's FCRA and CCRAA claims similarly fail because Plaintiff has again failed to adequately allege that the credit reporting agency defendants inaccurately reported the purported debts.  *See Carvalho v. Equifax Info. Svcs.*, 629 F.3d 876, 891-92 (9th Cir. 2010) ("[R]einvestigation claims are not the proper vehicle for collaterally attacking the legal validity of consumer debts.").

Plaintiff's FDCPA claim again fails because Plaintiff has failed to adequately allege any of the Defendants fall within the definition of a debt collector for purposes of the FDCPA.  *See* 15 U.S.C. § 1692a(6).

Plaintiff's remaining federal statutory claims (e.g., pursuant to 18 U.S.C. §§ 1951, 1958, 1959) again fail because, in the first instance, those statutes refer to criminal conduct.  Even if civil causes of action were available under those statutes, Plaintiff has failed to provide any factual support that would permit the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

In sum, the Court finds the TAC–essentially a duplication of the SAC–suffers from same defects as did the SAC, and thus fails to adequately state any claim.

In the March 26 Order, the Court notified Plaintiff that his claims would be dismissed with prejudice if he failed to cure the stated deficiencies, and provided

Plaintiff with specific details regarding why his claims were deficient.  Nonetheless, Plaintiff has failed to correct the shortcomings in his complaint.  Thus, further amendment would be futile and the Court **DISMISSES** Plaintiff's TAC **with prejudice** and without leave to amend.

Furthermore, "[a] District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related." *Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981).  "Such a dismissal may be made without notice where the [plaintiff] cannot possibly win relief." *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987).  The court's authority in this regard includes sua sponte dismissal as to defendants who have not been served and defendants who have not yet answered or appeared. *Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery*, 44 F.3d 800, 802 (9th Cir. 1995) ("We have upheld dismissal with prejudice in favor of a party which had not yet appeared, on the basis of facts presented by other defendants which had appeared."); *see also Bach v. Mason*, 190 F.R.D. 567, 571 (D. Idaho 1999); *Ricotta v. California*, 4 F. Supp. 2d 961, 978-79 (S.D. Cal. 1998).

Although Defendants First Bank of Delaware, Continental Finance Company, LLC, and Procollect, Inc. have not moved the Court to dismiss the TAC, these defendants appear to be in a position similar to that of the other defendants with respect to the inadequacy of Plaintiff's pleadings.  Thus, the Court also dismisses these defendants from the action with prejudice.

## CONCLUSION

Based on the above, the Court **GRANTS** Defendants' motions to dismiss with prejudice.  The Clerk of this Court shall enter judgment against Plaintiff and terminate the case.  Plaintiff is advised this matter is closed and no further filings will be accepted.

Because Plaintiff's TAC has been dismissed as to all parties, Defendants

1  Continental Finance Company, LLC and First Bank of Delaware's pending motion
2  to compel arbitration is **DENIED AS MOOT**.
3       **IT IS SO ORDERED.**
4  DATED:  July 15, 2013
5
6                                        HON. GONZALO P. CURIEL
                                         United States District Judge
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28